Original
No. 79-098

JANET BAGONZI

v.

GARY MILLER, DIRECTOR DIVISION OF MENTAL HEALTH

May 17, 1979

*Wiggin & Nourie*, of Manchester (*William S. Orcutt* orally), for the plaintiff.

*Thomas D. Rath*, attorney general (*Wilbur A. Glahn, III*, assistant attorney general, orally), for the defendant.

MEMORANDUM OPINION

On March 2, 1979, the Grafton County Probate Court (*Frederick J. Harrigan*, Acting Judge), pursuant to RSA 464:4, appointed John A. Bagonzi, of Haverhill, temporary guardian for plaintiff Janet Bagonzi,

for a period of sixty days. The court further ordered that the guardian was empowered to obtain admission of the ward to the New Hampshire Hospital.

The plaintiff was admitted to the New Hampshire Hospital on March 2, 1979, and has been confined there ever since. She did not have counsel at the time of the March 2, 1979, order. She was not afforded the right to obtain counsel, nor was she afforded a hearing. A guardian ad litem was appointed for her on March 8, 1979, six days after she was admitted to the hospital.

On March 8, 1979, the Grafton County Probate Court ordered that two doctors conduct an inquisition in accordance with RSA ch. 464. The inquisition was scheduled for April 2, 1979. The inquisition was adjourned before any findings were made because both inquisitors indicated that, because they knew the plaintiff, they could not act as independent and unbiased inquisitors. On April 19, 1979, a hearing was held in chambers before the Grafton County Probate Court. During the hearing, the court indicated that it would, over the objection of plaintiff's counsel, appoint two new inquisitors. In a letter from the register of probate dated April 25, 1979, plaintiff's counsel was advised that two new inquisitors had been named and a hearing on the inquisition would be held on June 7, 1979.

On April 25, 1979, the probate court decreed that "Temporary guardianship of John Bagonzi over Janet Bagonzi is continued beyond expiration date thereof until such date as hearing shall be held and decision rendered on inquisition petition brought by said guardian and presently pending." The order continuing the temporary guardianship beyond its expiration date is not authorized by RSA 464:4, which provides that a temporary guardian may be appointed for a specified period "not to exceed sixty days." Those who are interested in the plaintiff's welfare have procedures available under RSA ch. 135-B to protect both the interests of the plaintiff and society.

*Petition for writ of*
*habeas corpus granted.*

GRIMES, J., did not sit.